# N. Y. COMMON PLEAS.

## WILLIAM R. CLARKSON, CHARLES J. WARREN and AMOS B. STRATTON agt. GEORGE M. MILLNACHT.

*District courts — non-residents having a place of business in the city, to be deemed, for purposes of suing, residents of district in which their place of business is situated.*

Under the provisions of the act of 1862 (*Laws of* 1862, *chap.* 484), in regard to the district courts of the city of New York, providing that no person, having a place of business in that city, shall be deemed a non-resident of it, non-residents having a place of business in the city, for purposes of suing in the district courts, are to be deemed residents of the district in which their place of business is situated.

Plaintiffs were partners, having a place of business in the first district, two of them being non-residents and the other a resident of the seventh district, the defendant being a resident of the ninth district.

*Held*, that the suit was properly brought by long summons in the first district, under section 4 of the district court act of 1857 (*Laws* 1857, *chap.* 144), providing that the action may be brought in the district in which one of the plaintiffs resides.

*General Term, March,* 1876.

APPEAL from judgment of first district court against defendant for forty-five dollars and thirty-six cents and costs for goods sold and delivered. Action commenced by long summons. The plaintiffs are copartners and had a place of business at No. 27 Pearl street, in the city of New York (first judicial district). Two of the plaintiffs, Clarkson and Warren, reside out of the city and the other, Stratton, resides in Fifty-third street (seventh judicial district).

This action was commenced in the district court, for the

first judicial district, upon the theory that the two plaintiffs, Clarkson and Warren, living out of the city, but having a place of business in the first judicial district, were within the district court act of 1857 as amended in 1862 (*Laws of* 1857, *chap.* 344, *section* 4; *Laws of* 1862, *chap.* 484, *amending section* 4 *of last named act*).

*Christian G. Moritz,* for appellant.

*Coffin & Kimball,* for respondents.

J. F. DALY, *J.*— Section 4, of the district court act of 1857, provides that the action may be brought in the district in which one of the plaintiffs resides. The same section, as amended by the act of 1862, declares that no person, who shall have a place of business in said city, shall be deemed a non-resident under the provisions of that act.

Section 4 is entitled " In what district action to be brought," and all the provisions of the section must be read as referring to the subject of bringing the suit in the proper district as well as to other provisions of the act. The plain intent of the amendment of 1862 was to place non-residents, doing business within the city, on the same footing as residents in all matters relating to the jurisdiction of courts over actions by or against them. If they are to be deemed residents of the city it is with reference to their *locale* therein to determine the jurisdiction of the court, since it is in the section relating to particular jurisdictions, that they are classed as residents of the city; but the only circumstance to fix the particular jurisdiction is the place of business, and that must be deemed the locality or place of residence since they are declared to be residents.

If these views be correct, the action was properly brought by the plaintiffs' firm, in the first district, where their place of business was situated, although two of the firm were not residents of the city in fact, and one of them was an actual

Clarkson agt. Millnacht.

resident of another district, and the judgment should be affirmed with costs.

DALY, Ch. J., and VAN HOESEN, J., concur.

NOTE.— Our attention has been called to the foregoing decision by a prominent member of the bar, who stated to us that in two or three instances, within a few days past, lawyers have been defeated in their actions, not knowing of this decision, although the opinion was rendered some two years since. For this reason we deem it of sufficient importance to give it place even at this late date. We understand a motion for leave to go to the court of appeals, in this case, was subsequently made at a general term, held by CHAS. P. DALY, Ch. J., ROBINSON and VAN BRUNT, JJ., and the motion denied with costs; VAN BRUNT, J., delivering the opinion and all the judges concurring. [REP.·